787 So.2d 559 (2001)
Mike BELANGER, Donna L. Belanger, John Gautreau, James Brown, Barbara A. Brown, Robert O'Neal, Dave Hickey, Janice Hickey, Charles E. King, Stephen Villar, Roxanne Villar, Donald Coward, Edmond Dufner, James Moss, Melvin Thomas, Blake Bourgeois, Ashley Ann Erickson Bourgeois, Kean Juneau, Daisy M. Juneau, James Stallings, Jr., Terri Stallings, Charles Barber, Butch Day, Steve Abadie, Richard Bryan, James Posey, Clyde Freeman, Katherine Freeman, Ronald Oxford, Alvin Thomas, Ollie M. Thomas, Jason P. Waguespack and Effie R. Waguespack
v.
GABRIEL CHEMICALS, INC., William McMinn, Charles F. MacKey, Succession of Harry Cramer, Gabriel Chemicals, L.L.C., Arcadian Fertilizer, L.P., Arcadian Corporation, Lexington Insurance Company, BASF Corporation, BASF Systems Corporation, BASF Wyandotte Corporation, Rubicon, Inc. and Rubicon Chemicals, Inc.
No. 2000 CA 0747.
Court of Appeal of Louisiana, First Circuit.
May 23, 2001.
Rehearing Denied July 6, 2001.
*561 Donald T. Carmouche, Victor Marcello, John H. Carmouche, Gonzales, Counsel for Plaintiffs/Appellees Mike Belanger.
Gano D. Lemoine, III, New Orleans, Counsel for Plaintiff/Appellee Dennis Price.
Phillip W. Preis, Reid C. Wolleson, Charles M. Gordon, Baton Rouge, Counsel for Defendant/Appellee Gabriel Chemicals, Inc.
Stacy N. Kennedy, Michael W. Adley, Counsel for Defendant/Appellant Lexington Insurance Company.
Before: WHIPPLE, KUHN, and DOWNING, JJ.
KUHN, J.
This is an appeal from the trial court's judgment denying a motion for summary judgment filed by defendant, Lexington Insurance Company (hereinafter referred *562 to as "Lexington"), which sought its dismissal from this lawsuit based on a finding that it does not provide coverage to defendants, Gabriel Chemicals, Inc. and Gabriel Chemicals, L.L.C. (hereinafter collectively referred to as "Gabriel Chemicals") for the claims of multiple plaintiffs, who are former employees of Gabriel Chemicals and members of their families. Lexington also appeals that portion of the trial court's judgment which granted a motion for partial summary judgment in favor of Gabriel Chemicals. For the reasons which follow, we dismiss the appeal of that portion of the judgment denying Lexington's motion for summary judgment on the coverage issue as an appeal of a partial final judgment. And we affirm that portion of the judgment which granted Gabriel Chemicals' motion for partial summary judgment.

FACTUAL AND PROCEDURAL BACKGROUND
According to the allegations of the petition of thirty-six plaintiffs,[1] since early 1997, plaintiffs have been employed by Potash Corporation of Saskatchewan Inc. (hereinafter referred to as "PCS") at the PCS plant location in Ascension Parish from 1991 to early 1997. Plaintiffs were employed by either defendant, Arcadian Fertilizer, L.P., a predecessor entity to PCS Nitrogen Fertilizer, L .P., or defendants Arcadian Corporation (New York), or two entities known as Arcadian Corporation (Delaware) (all four of these defendants hereinafter referred to collectively as "Arcadian") at the same plant facility.
Gabriel Chemicals and Arcadian, according to the petition, allegedly designed and constructed a completely separate chlorosulfuric acid plant within the geographical boundaries of the sulfuric acid plant of PCS in Ascension Parish and began operating the chlorosulfuric acid plant within direct proximity of plaintiffs' customary work site. Plaintiffs began to experience noxious smells and irritants after the construction of the chlorosulfuric acid plant, which they allege were caused by the chlorosulfuric acid plant. Plaintiffs aver that since 1991, they have experienced injuries and grave health effects which were caused by the wanton, reckless and grossly negligent actions and omissions of all the defendants,[2] including Gabriel Chemicals.
An answer was subsequently filed on behalf of Gabriel Chemicals by independent counsel, generally denying the allegations of the petition, and affirmatively pleading immunity from liability under the Louisiana Workers' Compensation Law.[3] In addition, Gabriel Chemicals filed a cross claim against, among others, Lexington as its general liability and excess insurer for the claims alleged in the petition. Lexington also answered both plaintiffs' petition and, in a separate pleading, the cross claim allegations of Gabriel Chemicals, generally denying all the allegations as alleged and asserting various coverage exclusions.
Lexington filed a motion for summary judgment seeking its dismissal from this lawsuit on the grounds that under the pollution exclusions contained in the policies, *563 it did not provide coverage for the claims of plaintiffs alleged in this lawsuit. And independent counsel for Gabriel Chemicals filed a motion for partial summary judgment on the issue of Lexington's duty to reimburse Gabriel Chemicals for past and future costs incurred in defending themselves in this litigation.
After a hearing the trial court denied Lexington's motion for summary judgment and granted Gabriel Chemicals' motion for partial summary judgment. In the written judgment, the trial court specifically ordered, "the judgment... rendered herein be considered final for purposes of appeal under La. C.C.P. art. 1915(B)(1)." Lexington appeals.

VIABILITY OF APPEAL OF DENIAL OF SUMMARY JUDGMENT ON COVERAGE ISSUE
Pursuant to La. C.C.P. art. 968, no appeal lies from the denial of a motion for summary judgment. The trial court's rendition of judgment certifying the denial of the motion for summary judgment as a final, appealable judgment was ineffectual. While certification is allowed under La. C.C.P. art.1915 of partial judgments which grant a motion for summary judgment, it does not authorize the certification of a judgment denying a motion for summary judgment. See Davis v. Specialty Diving, Inc., 98-0458, 98-0459, p. 5 (La.App. 1st Cir.4/1/99), 740 So.2d 666, 669, writ denied, 99-1852 (La.10/8/99), 750 So.2d 972; Granger v. Guillory, 00-363, pp. 1-2 (La.App. 3rd Cir.4/26/00), 762 So.2d 640, 641.
Accordingly, Lexington's appeal of that portion of the judgment which denies its dismissal from this lawsuit based on a finding that it does not provide coverage to Gabriel Chemicals is dismissed. Because the trial court granted Gabriel Chemicals' motion for partial summary judgment, concluding that Lexington is obligated to pay past and future defense costs, including reimbursement of fees already incurred by Gabriel Chemicals for representation in this litigation by independent counsel chosen by Gabriel Chemicals, we turn now to Lexington's appellate contentions on these issues.

APPEAL OF GRANT OF SUMMARY JUDGMENT ON SELECTION OF COUNSEL AND REIMBURSEMENT OF LITIGATION COSTS
Louisiana Code of Civil Procedure 1915 authorizes the immediate appeal of "final" partial judgments. The 1997 version of article 1915, applicable to this case, provided, in pertinent part, as follows:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
* * *
(3) Grants a motion for summary judgment as provided by Articles 966 through 969, including summary judgment granted pursuant to Article 966(E).
* * *
B. When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, re-conventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason *564 for delay.[4]
A motion for summary judgment is a procedural device used to avoid a full-scale trial where there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir.6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. It should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. And the initial burden is with the mover to show that no genuine issue of material fact exists. La. C.C.P. art. 966B. Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether it is appropriate. Sanders, 96-1751 at p. 7, 696 So.2d at 1035.
The trial court's judgment in this matter states only that the motion for partial summary judgment filed on behalf of Gabriel Chemicals is granted. Thus, we must turn to the allegations of Gabriel Chemicals' pleading to ascertain the scope of the ruling.
The motion filed by Gabriel Chemicals urges entitlement to a partial summary judgment "on the issue of Lexington's duty to reimburse [Gabriel Chemicals] for past and future costs in defending [this] litigation, including attorney's fees of Gabriel [Chemicals'] independent counsel" pursuant to the commercial general liability and excess policies issued by Lexington. Gabriel Chemicals' prayer in this pleading requests "a partial summary judgment in favor of [Gabriel Chemicals] and against [Lexington], declaring [Lexington] is obligated, under [the commercial general liability and excess policies] to reimburse [Gabriel Chemicals], past and future defense costs in this litigation, including the attorney's fees of [Gabriel Chemicals'] independent counsel."
Thus, in granting Gabriel Chemicals' motion for partial summary judgment, the trial court apparently determined, among other things, that Gabriel Chemicals is entitled to be represented by independent counsel at this juncture of the litigation. And in its written reasons for judgment, the trial court stated, "Throughout this litigation thus far ... questions as to potential conflicts of interest have arisen.... Gabriel [Chemicals] has a right to choose legal defense counsel who they feel can fairly represent them in these proceedings."
Generally, in the terms of its liability policy, an insurer contractually agrees to provide its insured a legal defense for liability claims against the insured. Problems arise, however, when the insurer concludes that its policy does not provide coverage for the particular claim made against its insured. The insurer is faced with a dilemma between its duty to defend its insured from liability and its right to contest coverage with its insured. Dugas Pest Control of Baton Rouge, Inc. v. Mutual Fire, Marine and Inland Ins. Co., *565 504 So.2d 1051, 1053 (La.App. 1st Cir. 1987).
Given that in its responsive pleadings, Lexington has asserted its policies do not provide coverage for the claims alleged by plaintiffs in this litigation, the dilemma noted in Dugas is precisely the one before Lexington in its present posture with its insured, Gabriel Chemicals. Lexington does not dispute that it has a duty to defend Gabriel Chemicals in this litigation, with the focus of the current dispute directed at the coverage questions between Gabriel Chemicals and Lexington. And the parties do not dispute that in an attempt to fulfill that duty, Lexington has offered the legal services of two separate attorneys to provide counsel to Gabriel Chemicals to litigate the coverage issues against Lexington. Thus, the issue we first address in this portion of our review is whether the trial court erred in concluding that Gabriel Chemicals is entitled to independent counsel.
If an insurer chooses to represent the insured but deny coverage, separate counsel must be employed. Failure to do so subjects the insurer to the attorney fees and costs the insured may incur for defending the suit. Dugas, 504 So.2d at 1054.
Rule 1.7 of the Rules of Professional Conduct states in pertinent part:
Loyalty is an essential element in the lawyer's relationship to a client. Therefore:
(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
(1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
(2) Each client consents after consultation.
(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person ... unless;
(1) The lawyer reasonably believes the representation will not be adversely affected; and
(2) The client consents after consultation....
In this case, Gabriel Chemicals' action of hiring independent counsel evinces a lack of consent to the representation of the two attorneys offered to them by Lexington. At a minimum, this record establishes that the representation of either of the two attorneys offered to Gabriel Chemicals by Lexington may constitute a breach of Rule 1.7. Such representation would ostensibly "be materially limited by [each] lawyer's responsibilities to another client or to a third person," i.e., each attorney's responsibilities to Lexington inasmuch as Lexington retains/delegates an attorney for its insured, Gabriel Chemicals, whose primary role at this juncture is addressing insurance coverage. Under the jurisprudence and the rules of the Rules of Professional Conduct, separate counsel must be employed to represent Gabriel Chemicals to avoid a conflict of interest. We find no error in the trial court's conclusion that, under the facts presented, Gabriel Chemicals is entitled to select independent counsel.
The next issue we review in the trial court's grant of partial summary judgment in favor of Gabriel Chemicals is whether the trial court erred in its implicit order "declaring [Lexington] is obligated, under [the commercial general liability and excess policies] to reimburse [Gabriel Chemicals], past and future defense costs in this litigation, including the attorney's *566 fees of [Gabriel Chemicals'] independent counsel."
Gabriel Chemicals points to the contractual stipulations in the limitation endorsement contained in the commercial general liability and excess policies issued by Lexington, referred to as the Cumis endorsement,[5] to support its assertion that they are entitled to reimbursement from Lexington for defense costs, including the attorney's fees of independent counsel. The Lexington policies state:
In the event you are entitled by law to select independent counsel to defend you at our expense, the attorney fees and all other litigation expenses we must pay to that counsel are limited to the rates we actually pay to counsel we retain in the ordinary course or [sic] our business in the defense of similar claims or "Suits" in the community where the claim arose or is being defended. Additionally, we may exercise the right to require that such counsel have certain minimum qualifications with respect to their competency including experience in defending claims or "Suits" similar to the one against you, and to require such counsel, to have Errors and [Omissions] insurance coverage. As respects any such counsel, you agree that you and that counsel will timely respond to our request for information regarding the claim or "Suit". Furthermore, the Insured may at anytime, by its signed consent, freely and fully waive its right to select independent counsel.
The parties asserted, and our review shows, that this is a matter of first impression in Louisiana. Thus, we glean guidance from Corpus Juris Secundum:
In ... cases [where the insurance company and the insured have a conflict of interest] insured, rather than the insurance company, is entitled to assume control of the defense of the underlying action, and select [its] own attorney. However, the insurance company must underwrite the reasonable costs incurred by insured in defending the action with counsel of [its] own choosing.
* * *
The significant question in determining if a conflict of interest is created is whether, in comparing the allegations of the complaint to the terms of the policy, the interests of insurance company or codefendant would be furthered by providing a less than vigorous defense to those allegations. (Footnotes omitted.)
46 C.J.S. § 1157 (1993).
Without iterating each alleged coverage defense asserted by Lexington in its answer, it is clear that at least six assertions of non-coverage may be claimed by the insurer in this litigation including the total pollution and intentional acts exclusions. We believe the pleadings in this litigation created a conflict of interest which entitles Gabriel Chemicals, rather than Lexington, to assume control of the defense of the underlying action and to select their own attorney. And applying the Cumis endorsement set forth in the Lexington policies, we hold that in this case, based on the allegations of the pleadings, the denial of coverage by Lexington is an event for which Gabriel Chemicals is entitled by law to select independent counsel to represent them at Lexington's expense.
Application of the Cumis endorsement requires by its plain language that the attorney fees and all other litigation expenses Lexington must pay to counsel selected by Gabriel Chemicals are limited to *567 the rates Lexington actually pays to counsel the insurer retains in the ordinary course of business in the defense of similar claims. And that Lexington may exercise the right to require that such counsel have certain minimum qualifications with respect to their competency including experience in defending claims similar to this one; and to require such counsel, to have errors and omissions insurance coverage. Based on the contents of this record, the issues of whether present independent counsel has the minimum qualifications with respect to competency and the requisite errors and omissions insurance, as well as the quantum of any reimbursement claim incurred thus far cannot be, and are not, decided.
Accordingly, the trial court's grant of Gabriel Chemicals' motion for partial summary judgment is affirmed.

CONCLUSION
For the reasons set forth, the appeal of that portion of the trial court's judgment which denied Lexington's motion for summary judgment is dismissed. That portion of the trial court's judgment which granted Gabriel Chemicals' motion for partial summary judgment is affirmed. This matter is remanded for further proceedings. Costs of this appeal are assessed against defendant, Lexington Insurance Company.
APPEAL DISMISSED IN PART; AFFIRMED IN PART AND REMANDED.
NOTES
[1] The original petition was filed by thirty-three plaintiffs. And the remaining plaintiffs were subsequently joined in this lawsuit by a supplemental and amending petition which re-alleged and re-averred the allegations of the original petition for damages. For brevity, hereinafter this opinion refers primarily to those who were employees of the non-insurer corporate defendants as "plaintiffs."
[2] Other named defendants, not pertinent to this appeal, have not been identified in this opinion.
[3] See generally La. R.S. 23:1032 and 1061.
[4] By La. Acts 1999, No. 1263 § 1, Paragraph A(3) of article 1915 was amended to provide that a final judgment may be rendered which grants a motion for summary judgment, "but not including a summary judgment granted pursuant to Article 966(E)." That act also amended La. C.C.P. art.1911 to make it clear that final judgments rendered under Paragraph A of article 1915 are appealable without certification, whereas a partial final judgment rendered under Paragraph B of article 1915 must be designated as a final judgment to be appealable. The act expressly applies to actions filed on or after the January 1, 2000 effective date of the amendment. Thus, we apply the 1997 version of article 1915 to this case.
[5] Apparently this reference is derived from the case San Diego Navy Federal Credit Union v. Cumis Ins. Society, 162 Cal.App.3d 358, 208 Cal.Rptr. 494 (1984).