United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 18, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 02-30442

_____

TRINITY UNIVERSAL INSURANCE CO.,

Plaintiff - Counter Defendant - Appellee,

VERSUS

STEVENS FORESTRY SERVICE, INC.,

Defendant - Counter Claimant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana

_____

Before JOLLY, HIGGINBOTHAM, and MAGILL,[*] Circuit Judges.

MAGILL, Circuit Judge:

Defendant-Appellant Stevens Forestry Service, Inc. ("Stevens")
appeals the district court's[1] grant of summary judgment in favor of
Plaintiff-Appellee Trinity Universal Insurance Company ("Trinity").
Stevens sought reimbursement for attorneys' fees and costs incurred
when it hired defense counsel to assist in a liability suit against
Stevens.  Trinity filed a motion for summary judgment, arguing that

---

[*]Circuit Judge of the United States Court of Appeals for the
Eighth Circuit, sitting by designation.

[1]The Honorable Roy S. Payne, United States Magistrate Judge
for the Western District of Louisiana.

it had fulfilled its duty as insurer by providing Stevens with defense counsel. The district court granted summary judgment for Trinity, holding that because Trinity provided Stevens with adequate defense counsel, Trinity was not required to reimburse Stevens for the expenses of its independent counsel. Stevens appeals.

Our jurisdiction is proper pursuant to 28 U.S.C. § 1291 (2000). For the following reasons, we affirm.

## I.

Stevens is an Arkansas forestry consulting firm with a registered agent in Homer, Louisiana. In March 1999, Abe Mitchell, a long-time client of Stevens, expressed concern, through a letter from his counsel, with Stevens' management of his timber. Upon receipt of this letter, Stevens retained an attorney, Michael Percy, to assist Stevens in responding and preparing for a meeting with Mitchell. In September 1999, Mitchell demanded $1,120,634.70 in damages from Stevens. At this time, Stevens tendered the claim to Trinity, its liability insurer.

Trinity responded by letter dated October 20, 1999, agreeing to provide Stevens with counsel and begin investigation of the matter. However, Trinity expressly reserved the right to "later deny coverage and to deny a defense pursuant to the policy's provisions." In addition, Trinity provided, "[w]e have noted that you are represented by counsel in this matter. Because of the

2

policy provisions [that may limit coverage], we encourage you to continue to employ counsel with regard to this claim."

Two days after Trinity wrote this letter, Mitchell filed suit against Stevens in a Louisiana state court, claiming mismanagement of timberland ("Underlying Action").[2] Within three weeks, on January 10, 2000, Trinity again wrote Stevens, informing Stevens that it had received a copy of the Underlying Action. This letter provided:

> Trinity will continue to investigate Mr. Mitchell's claims and will continue to provide Stevens with an attorney, at Trinity's expense. However, Trinity's continued investigation and defense is subject to the reservation of Trinity's right to deny coverage for Mr. Mitchell's claim and to withdraw from Stevens' defense in the event that it is determined that none of Trinity's policies provide coverage for Stevens Forestry Service with respect to Mr. Mitchell's claim/suit against it.
>
> Because it is likely that there is no coverage for Stevens Forestry Service with respect to Mr. Mitchell's suit, you may wish to continue to retain an attorney at Stevens' expense to protect the company's interest in this litigation.
>
> . . . .
>
> Because the policy provisions referred to herein and other applicable provisions may limit or exclude coverage for Mr. Mitchell's claims, we encourage you to continue to employ counsel at Stevens' expense with regard to this claim. Mr. Caldwell Roberts, who has been appointed by Trinity to defend Stevens, will cooperate with your personal defense attorney and will continue to defend Stevens, but subject to the reservations of right discussed herein and in [the October letter from Trinity].

(emphasis added)

Pursuant to this letter, Trinity appointed Caldwell Roberts as

---

[2]The Underlying Action was later removed to federal court.

Stevens' defense counsel in the Underlying Action. Roberts represented Stevens throughout the course of the Underlying Action and, along with independent counsel Percy, participated in all aspects of the litigation.

On January 28, 2000, Trinity filed this action seeking a declaration that it had no obligation to defend or indemnify Stevens in the Underlying Action. Stevens filed a counterclaim, seeking a contrary declaration. Subsequently, the Underlying Action went to trial, and a jury verdict for Stevens resulted, thereby mooting the indemnity issue.

Stevens then filed a motion for summary judgment seeking recovery of Percy's attorneys' fees and expenses, which totaled approximately $105,000. Trinity responded with its own motion for summary judgment, arguing that (1) it had no duty to defend Stevens under the policy, and (2) it had discharged any duty to defend by providing Roberts as defense counsel in the Underlying Action. The district court, assuming that Trinity had a duty to defend Stevens in the Underlying Action, granted Trinity's motion, holding that "even when the insurer reserves the right to deny coverage, it is not obligated to pay for an attorney that the insured unilaterally decides to hire as an extra defense counsel." Stevens appeals.

## II.

We review a district court's grant of summary judgment <u>de novo</u>. <u>FDIC v. Abraham</u>, 137 F.3d 264, 267 (5th Cir. 1998) (citation omitted). Summary judgment is appropriate only where, in viewing

4

the facts in the light most favorable to the non-movant, there is no genuine issue of material fact. Fed. R. Civ. P. 56(c) (2003).

The issue presented in this appeal is whether Trinity, as insurer, must reimburse Stevens, as insured, for attorneys' fees and costs Stevens incurred by hiring independent counsel to represent it in the Underlying Action, where Trinity provided Stevens with counsel, but reserved the right to deny coverage and withdraw from Stevens' defense. As the district court's jurisdiction was based on diversity, see 28 U.S.C. § 1332, it properly determined that Louisiana state law is applicable to this issue. See Erie R.R. v. Tompkins, 304 U.S. 64 (1938).

Neither the Louisiana legislature nor the Louisiana Supreme Court has spoken on this issue. However, in an analogous case applying Louisiana law, this circuit held that an insured may recover fees for an attorney hired by the insured, as opposed to the insurer, if the attorney provided by the insurer was objectively inadequate. Nat'l Union Fire Ins. Co. v. Circle, Inc., 915 F.2d 986, 991 (5th Cir. 1990). Specifically, the insured may recover under a breach of duty theory if the attorney provided by the insurer fails to "vigorously and adequately" defend the insured. Id. (citation omitted).

Stevens does not contend that Roberts failed to "vigorously" or "adequately" defend it in the Underlying Action. Instead, Stevens argues that the complicated nature of the facts and circumstances involved in the Underlying Action necessitated the

5

use of Percy as additional counsel, and therefore Trinity should reimburse Stevens for Percy's fees.  We disagree.

The district court correctly pointed out that what matters in this case is that Trinity provided Stevens with competent defense counsel in the Underlying Action, not whether Percy's contribution as independent counsel to Stevens was beneficial or whether the litigation was especially complex.  Further, there is no evidence that Trinity agreed to compensate Stevens for additional counsel. In fact, the January 10, 2000, letter from Trinity provided that any additional counsel would be at Stevens' expense: "you may wish to continue to retain an attorney at Stevens' expense to protect the company's interest in this litigation" and "we encourage you to continue to employ counsel at Stevens' expense with regard to this claim."  The fact that Trinity reserved the right to later deny coverage does not negate the fact that it fulfilled its duty of providing Stevens with adequate counsel.

Therefore, in accordance with National Union,[3] we find that

---

[3]Stevens points out that two Louisiana intermediate appellate court decisions, issued after National Union, have found that, at least in certain circumstances, an insurer who contests coverage is liable for the attorneys' fees if the insured hires separate counsel.  See Smith v. Reliance Ins. Co., 807 So. 2d 1010, 1022 (La. Ct. App. 2002); Belanger v. Gabriel Chems., Inc., 787 So. 2d 559, 565-67 (La. Ct. App. 2001).  This, argues Stevens, necessitates the invalidation of National Union.  We disagree.

These cases are distinguishable from National Union and not on point in this case.  Both involved an insured who wished to reject the insurer's proffered counsel and instead employ independent counsel.  See Smith, 807 So. 2d at 1022; Belanger, 787 So. 2d at

(continued...)

Trinity is not required to reimburse Stevens for the fees or costs associated with Stevens' hiring of additional counsel where Trinity, as Stevens' insurer, provided Stevens with competent defense counsel in the Underlying Action.  Accordingly, we affirm the district court's grant of summary judgment in favor of Trinity.

**III.**

For the aforementioned reasons, we affirm.

---

[3](...continued)
565-67.  Here, as in <u>National Union</u>, the insured accepted insurer's counsel, but also wished to receive reimbursement for independent counsel.