McCLENDON, J.
Lin this suit to enforce a contractor’s lien, the trial court denied a motion for summary judgment filed by plaintiff-appellant, ETB Enterprises, LLC (ETB), against one of the defendants, Hibernia National Bank (Hibernia), and granted Hibernia’s motion for summary judgment against ETB. ETB appealed. We affirm.
FACTS AND PROCEDURAL BACKGROUND
The initial petition named Jon and Shirley Krause as defendants. Hibernia was added as a defendant by a subsequent supplemental and amending petition. The undisputed facts are as follows:
1. In the fall of 2000, the Krauses sustained fire damage to their house;
2. In December, the Krauses entered into a written agreement with a contractor, ETB, to have the insurer of the house directly pay ETB for the repair work;
3. The insurer sent a check for the repairs, dated February 2, 2001, payable to the Krauses, ETB, Regions Bank, and Hibernia, the bank that held a mortgage on the damaged house;
4. After the insurance check was properly endorsed by all parties, it was deposited into an account at Hibernia opened by the Krauses;
5. Pursuant to the “direct pay” agreement between the Krauses and ETB, the Krauses instructed Hibernia to arrange for inspections certifying that a certain percentage of the work was completed, and to issue direct draws to ETB based on the percentages reported;
6. When a draw was made from the Krauses’ account, the funds were deposited in ETB’s account at Hibernia;
|s7. In May of 2001, Hibernia received a letter from the Krauses stating that ETB was released from the repair contract effective May 1;
8. Shortly thereafter, the Krauses sent another letter to Hibernia that resulted in the draws being made to the Krauses, rather than ETB.
Based on these facts, ETB claimed that Hibernia owed it a fiduciary duty and that Hibernia breached that duty by not continuing the draws to ETB, in spite of the Krauses’ instructions. Hibernia argued that, without a written agreement, it owed no duty to ETB and that Hibernia’s duty for these transactions was to the account holder, the Krauses.
*732 After a hearing, the trial court found that no genuine issue remained as to the following material facts: (1) no written contract existed between Hibernia and ETB, (2) ETB was not a holder of the account in question, (3) Hibernia was not a party to the direct pay agreement between the Krauses and ETB, and (4) ETB could not demand draws from the Krauses’ account without their permission. Based on these facts, the trial court held that Hibernia owed no fiduciary duty to ETB for the particular transactions at issue in the suit.
APPLICABLE LEGAL PRECEPTS
A motion for summary judgment shall be granted if no genuine issue of material fact remains and the mover is entitled to the judgment as a matter of law. LSA-C.C.P. art. 966C(1). The burden of proof rests with the mover. However, if the mover would not bear the burden at the trial of-the matter, the mover need only show “that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” LSA-C.C.P. art. 966C(2). If the adverse party in turn is unable to prove that he will be able to satisfy his evidentiary burden, there is no genuine issue of material fact. Id. Summary judgments are reviewed dejjnovo. Belanger v. Gabriel Chemicals, Inc., 2000-0747, p. 6 (La.App. 1 Cir. 5/23/01), 787 So.2d 559, 564, writ denied, 2001-2289 (La.11/16/01), 802 So.2d 612.
Pursuant to the clear language of LSA-R.S. 6:1124,
[n]o financial institution ... shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties ..., unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary.
After a thorough review of the record, we agree with the well founded reasons of the trial court. ETB was unable to rebut Hibernia’s assertion that no written agreement existed between ETB and Hibernia. Nor did ETB establish a duty based on its status as the holder of an account at Hibernia as ETB’s account was not the account at the center of this dispute. The only account at issue here was held by the Krauses. Pursuant to the written agreement between the Krauses and ETB, it was the Krauses that directed Hibernia to pay ETB directly from the Krauses’ account. Certainly, Hibernia, who was not a party to the direct pay agreement, was not required to ignore the change in the account holder’s instructions in favor of the demands of a third party to the account. Finally, we note that ETB does not deny that the check was properly endorsed and deposited into the Krauses’ account, not ETB’s. Thus, we find inapposite ETB’s argument based on LSA-R.S. 6:317, a statute which allows an ownership of funds presumption in favor of depositors “named on the account application, agreement or signature card .... ” ETB produced no evidence that it held such a status in the Krauses’ account.
For these reasons, we affirm the judgment. The costs of the appeal are assessed to appellant, ETB Enterprises, LLC.
1 .AFFIRMED,