# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2009

No. 09-30453
Summary Calendar

Charles R. Fulbruge III
Clerk

MAISTER ASSOCIATES,

Plaintiff - Appellant

v.

STATE FARM FIRE & CASUALTY COMPANY,

Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 2:06-CV-589

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellant Maister Associates ("Maister") appeals the district court's summary judgment dismissing Maister's claims against Appellee State Farm Fire & Casualty Company ("State Farm"). For the reasons set forth below, we AFFIRM.

We review a district court's grant of summary judgment de novo, using the same standard as the district court. *Ikossi-Anastasiou v. Bd. of Supervisors of*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*La. State Univ.*, 579 F.3d 546, 549 (5th Cir. 2009) (citation omitted). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Maister argues that it is entitled to damages for lost rental income under the insurance policy issued by State Farm. Maister states that the lost rental income stems from its cooperation with State Farm's alleged request to refrain from making certain repairs to its apartments during the pendency of the underlying litigation. Maister also argues that by compelling Maister to delay repairs, State Farm breached its fiduciary duty and duty of good faith by subordinating Maister's interest to its own in the defense of the underlying claims. Both of Maister's arguments fail.

The uncontroverted evidence shows that it was Maister's own lawyer, not State Farm, who recommended a delay in making certain repairs to the apartments to prevent spoliation of evidence. While State Farm paid for Maister's lawyer, Maister chose the lawyer State Farm employed. Maister has presented no evidence that State Farm ever controlled the actions of Maister's lawyer, nor has Maister pointed to any evidence showing Maister's lawyer acted to represent State Farm's interests.

In addition, the magistrate judge correctly concluded that Maister has failed to demonstrate an "identity of interest" between Maister and State Farm. State Farm issued Maister three letters expressing a reservation of rights regarding Maister's coverage. Therefore, a conflict of interest potentially existed between the parties, making State Farm's choice to provide Maister independent counsel proper. *See, e.g., Smith v. Reliance Ins. Co. of Ill.*, 807 So. 2d 1010, 1022 (La. App. 2002) (holding that when an insurer denies coverage, there is a conflict of interest between the insured and insurer, entitling the insured to select its own independent counsel) (citing *Belanger v. Gabriel Chems., Inc.*, 787 So. 2d

559, 563, 566 (La. App. 2001)); *Nat'l Union Fire Ins. Co. v. Circle, Inc.*, 915 F.2d 986, 991 (5th Cir. 1990) ("An insurer that elects to reserve its rights to deny coverage may nevertheless discharge its contractual obligation to defend its insured by engaging separate counsel to represent the insured . . . ."). Even if no conflict of interest existed, Maister has pointed to no authority obligating State Farm to employ the same lawyers in the defense of both parties.

In conclusion, there is no evidence that State Farm acted in bad faith by employing the very lawyer Maister selected to defend Maister in the underlying action. Moreover, Maister has failed to demonstrate that the allegedly negligent advice of its lawyer can be imputed to State Farm, such that any alleged harm stemming from the advice became State Farm's responsibility under the policy.

Accordingly, the district court's ruling is AFFIRMED.