McDonald, j.
12This is an appeal of a motion for partial summary judgment granted by the district court in favor of Trinity Universal Insurance Company. Trinity had alleged that there was no genuine issue of material fact that Trinity policies numbered 99900431 12 36 and 9900431 13 36 unambiguously preclude coverage for mold-related loss. Finding no coverage for the mold damage alleged by the plaintiff, the motion was granted. This appeal followed.
FACTS
Kevin Ainsworth and his wife, Paulette, purchased a home at 18476 Lake Myrtle Drive in Baton Rouge, Louisiana in April 2002, and moved in immediately. In September 2006. Mr. Ainsworth discovered that the drain of the Jacuzzi tub in the master bedroom was not properly installed, consequently, water had leaked causing hidden water, rot, and mold damage,
As a result of his exposure to the mold, rot, moisture and other unsanitary conditions, Mr. Ainsworth allegedly suffered physical injuries, particularly an exacerbation of his preexisting sinus problems. In July 2007, he filed suit[1] individually and on behalf of his minor children, against Thomas Wainwright d/b/a Thomas Wainwright Plumbing Company, who had performed the plumbing work on the home, and his insurer, whose name was unknown and alleged to be ABC Insurance Compa *73 ny. In May 2008, an amended petition named Trinity Insurance Company as Wainwright’s insurer. Trinity alleged that the New Home Warranty Act provided the exclusive remedy, which the court rejected.[2]
There were extensive proceedings in the district court regarding several of the defendants. However, the only issue before this court is the motion for partial Issummary judgment granted to Trinity Universal Insurance Company and signed on November 7, 2011. There has been some confusion about this judgment. This court determined that the original judgment lacked decretal language and issued an interim order for the trial court to “sign a valid written judgment which includes appropriate decretal language ...” On September 26, 2012, the trial court signed an amended judgment that dismissed Plaintiffs claims against Trinity on policies numbered 99900431 12 36 and 9900431 13 36. Like the November 7, 2011 judgment, this judgment is certified by the judge as being immediately appealable. Unlike the judgments on the Bankers’ policies;[3] however, the amended judgment does not specifically state which claims are being dismissed. We have examined the motion for summary judgment filed on September 13, 2010, and are satisfied that it only seeks to have claims dismissed that are subject to the fungi, mold, mildew, and yeast exclusion. Plaintiffs appeal this judgment.
DISCUSSION
As noted, the issue before the district court that we are considering on appeal is whether the Commercial General Liability policies numbered 99900431 12 36 and 9900431 13 36 issued by Trinity to Thomas Wainwright d/b/a Wainwright Plumbing cover the injuries sustained by Mr. Ainsworth caused by the growth of mold due to faulty plumbing work performed by Wainwright. Trinity had insured Mr. Wainwright with policies in effect for one-year periods beginning in January 1996 and terminating December 31, 2005. The policies contained the following provisions:
|/This Endorsement Changes The Policy. Please Read It Carefully.
FUNGI — MOLD—MILDEW—YEAST EXCLUSION
LOUISIANA
This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL, LIABILITY COVERAGE
PART
A. The following exclusion is added to Paragraph 2., Exclusions of Section I — Coverage A — Bodily Injury and Property Damage Liability:
This insurance does not apply to:
Fungi
(1) “Bodily Injury” arising out of or relating to the actual, alleged or threatened inhalation of, ingestion *74 of, contact with, exposure to, existence of, or growth or presence of any “fungi”. This exclusion applies regardless of any other cause or event that contributes concurrently or in any sequence to such injury or damage, loss, cost or expense. But this exclusion does not apply where your business is food processing, sales, or serving and the “bodily injury” is caused solely by food poisoning in connection with such processing, sales or service.
(2) “Property damage” arising out of or relating to the actual, alleged or threatened contact with, exposure . to, existence of, or growth or presence of any “fungi”.
(3) Any loss, cost or expense arising out of or relating to the testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, or disposing of, or in any way responding to or assessing the effects of “fungi” by any insured or by anyone else.
[[Image here]]
D. The following definition is added to Section V — Definitions:
“Fungi” means any form of fungus, including but not limited to, yeast, mold, mildew, rust, smut or mushroom, and including any spores, my-cotoxins, odors, or any other substances, products, or byproducts produced by, released by, or arising out of the current or past presence of fungi. But “fungi” does not include any fungi intended by the insured for consumption.
| ¿Trinity filed a motion for partial summary judgment relying on the policy exclusions stated above and upon the same exclusion language found in a policy issued by Bankers. The language was examined by the district court in a motion for partial summary judgment filed by and granted to Bankers. The decision was appealed and affirmed by this court. See Ainsworth, v. Tri-Star Builders, L.L.C., 2011-0980 (La.App. 1 Cir. 2/10/12), (unpublished). Trinity’s motion for partial summary judgment was also granted by the district court and is the judgment now being appealed.
Appellant argues that the district court erred in granting the motion for summary judgment for several reasons. He argues that there are material issues of fact as to whether the noted exclusion should apply. Also, he contends that there are genuine issues of material fact as to whether the insured believed the “Products-Completed Operations Hazard” was separate and distinct from the “Commercial General Liability Coverage Part.” Initially, we note that the issue before us is whether the “Fungi Exclusion” precludes plaintiff-appellant from recovering damages under the Trinity insurance policies. We are not addressing the issue of other potential damages that may be covered by the insurance policies.
Appellate courts review summary judgments de novo, using the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Bernard v. Ellis, 2011-2377 (La.7/2/12), 111 So.3d 995. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. Id.; La. C.C.P. art 966(B). The starting point in analyzing insurance policies is the principle that an insurance policy is a contract-between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Sensebe v. Canal Indem. Co., 2010-0703 (La.1/28/11), 58 *75 So.3d 441, 445-446. When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent, and courts must enforce the contract as written. Id.
We have carefully examined the language of the contract, specifically the “Fungi Exclusion.” The subjective belief of the insured is not at issue here. We find that the “Fungi Exclusion” is clear and explicit. While it may have had consequences that may be interpreted by some persons as unacceptable, it is not absurd. It does not cover the damages claimed by the Ainsworths in this case. Neither Mr. Ainsworth’s alleged physical injury, nor any damages claimed by the children are covered under General Commercial Liability insurance policies numbered 99900431 12 36 and 9900431 13 36.
Finding no error in the district court’s grant of partial summary judgment to Trinity Universal Insurance Company, the judgment appealed is affirmed. Costs are assessed to plaintiffs-appellants.
AFFIRMED.

. The suit also named as defendants the builder and its insurer. Also, the petition was amended to add additional defendants, but those matters are not before us.

. Also in May 2008, a partial no cause of action was granted to Tri-Star and David Pascal, builders of the home upon finding that the New Home Warranty Act, La. R.S. 9:3141 et seq. provided the exclusive remedy for alleged deficiencies in the home.

. The judgment on the Bankers, policies is dated December 22, 2010, and paragraph number 4 states: “It is further ORDERED, ADJUDGED AND DECREED that, any and all property damage and bodily injury claims of the plaintiffs related to Fungi or Bacteria, including mold, against BANKERS INSURANCE COMPANY, be and they hereby are DISMISSED, with prejudice.