NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-474


REBECCA DEVILLE, ET AL.

VERSUS

PROGRESSIVE SECURITY INS. CO., ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 201011273
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

BILLY H. EZELL

JUDGE

**********

Court composed of Jimmie C. Peters, Billy H. Ezell, and J. David Painter, Judges.


APPEAL OF MARCH 14, 2013, JUDGMENT DISMISSED.
APPELLANT PERMITTED TO FILE APPLICATION
FOR SUPERVISORY WRITS FROM THIS JUDGMENT.
APPEAL MAINTAINED AS TO JUDGMENT OF JANUARY 23, 2013.


Michael Benny Miller
Jacqueline B. Manecke
Miller & Miller
Post Office Box 1630
Crowley, LA 70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF/APPELLANT:
    Rebecca Deville

**William Howard Justice**
**Castler, Bordelon & Lawler**
**11550 New Astle Ave., #200**
**Baton Rouge, LA 70816**
**(225) 663-5551**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Progressive Security Ins. Co.**

**Kenneth Deville**
**In Proper Person**
**917 S. Eastern Ave.**
**Crowley, LA 70526**
**(000) 000-0000**
**PRO SE:**
    **Kenneth Deville**

**Lisa Kay Floyd Broussard**
**In Proper Person**
**202 N. 11th St.**
**Kinder, LA 70648**
**(000) 000-0000**
**PRO SE:**
    **Lisa Kay Floyd Broussard**

**EZELL, Judge.**

Upon the lodging of the record in this appeal, this court, on its own motion, issued a rule for the plaintiff-appellant, Rebecca Deville, to show cause, by brief only, why the appeal taken from the judgment signed on March 14, 2013, should not be dismissed as having been taken from a non-appealable, interlocutory order. The appellant has filed a brief in response to this court's rule. For the reasons which follow, we dismiss the appeal from the judgment of March 14, 2013, but we maintain the appeal from the judgment of January 23, 2013.

The appellant and her husband, Kenneth Deville, filed this suit for damages arising out of an accident in which the appellant, who was a pedestrian, was struck by a vehicle allegedly being driven by the defendant-appellee, Lisa Kay Floyd Broussard. In the course of this litigation, the defendant-appellee, Progressive Security Insurance Company, filed a motion for summary judgment based on the argument that it did not insure Ms. Broussard on the day of the accident. The appellant also filed a motion for partial summary judgment, arguing that the court should declare that Progressive did insure Ms. Broussard on the day of the accident.

The hearing on Progressive's motion was held on November 26, 2012, and the trial court orally granted the motion, stating that a written judgment would be signed upon presentation. The appellant's motion was not heard until January 22, 2013, at which time the trial court denied the appellant's motion in open court and stated that a written judgment would be signed upon presentation.

The trial court signed a judgment on January 23, 2013, granting Progressive's motion and dismissing Progressive from the suit. On March 14, 2013, the trial court signed a written judgment denying the appellant's motion for partial summary judgment. The appellant filed a motion for appeal from both the

January 23 judgment and the March 14 judgment on March 20, 2013, and the trial court signed the order of appeal the following day.

As stated above, upon the lodging of the record in this appeal, this court issued a rule for the appellant to show cause why her appeal of the March 14 judgment should not be dismissed as having been taken from a non-appealable, interlocutory order. In response, the appellant contends that this court should permit her appeal to go forward as to both judgments. Although the appellant admits that the judgment denying partial summary judgment does not constitute a partial judgment pursuant to La.Code Civ.P. art. 1915, appellant nevertheless cites this court to the factors set forth in *R.J. Messinger, Inc. v. Rosenblum*, 2004-1664 (La. 3/2/05), 894 So.2d 1113, for determining whether an immediate appeal should be authorized.

The denial of a motion for summary judgment cannot be designated as appealable pursuant to La.Code Civ.P. art. 1915(B). *See Belanger v. Gabriel Chemicals, Inc.*, 2000-747 (La.App. 1 Cir. 5/23/01), 787 So.2d 559, *writ denied*, 2001-2289 (La. 11/16/01), 802 So.2d 612. Therefore, we find the holding in *R.J. Messinger, Inc.*, 894 So.2d 1113, inapplicable to the instant case. Therefore, review of the denial of the appellant's motion for partial summary judgment should have been sought through a timely filed application for supervisory writs.

However, we find that the appellant filed her motion for appeal of this judgment within the time delay for seeking supervisory writs. Therefore, in the interest of justice, although we dismiss the appeal of the March 14 judgment, we permit the appellant to file a writ application with this court no later than July 12, 2013, pursuant to Uniform Rules—Courts of Appeal, Rule 4. We maintain this

appeal of the January 23 judgment. Appellant does not have to obtain a return date

from the trial court since this court has set the return date in this opinion.

**APPEAL OF MARCH 14, 2013, JUDGMENT DISMISSED AND**
**APPELLANT PERMITTED TO FILE APPLICATION**
**FOR SUPERVISORY WRITS FROM THIS JUDGMENT.**
**APPEAL MAINTAINED AS TO JUDGMENT OF JANUARY 23, 2013.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.