# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

LARRY MUENZLER AND DEIRDRE
MATHER-MUENZLER

VERSUS

GBS PROPERTIES, LLC D/B/A
GARDNER REALTORS, ET AL

NO.  2022 CW 0353

PAGE 1 OF 2

JUNE 06, 2022

---

In Re:  Seneca Specialty Insurance Company, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 654150.

---

**BEFORE:  McCLENDON, WELCH, AND THERIOT, JJ.**

**WRIT NOT CONSIDERED.** This writ application is untimely. Relator's notice of intent was filed on March 18, 2022, more than thirty days after the trial court's December 30, 2021 signed judgment denying relator's motion for summary judgment and incorrectly designating it a final judgment. The trial court's rendition of judgment certifying the denial of the motion for summary judgment as a final, appealable judgment was ineffectual. **Belanger v. Gabriel Chemicals, Inc.**, 2000-0747 (La. App. 1st Cir. 5/23/01), 787 So.2d 559, 563, writ denied, 2001-2289 (La. 11/16/01), 802 So.2d 612. Accordingly, relator's motion for new trial following entry of the interlocutory judgment was procedurally improper. Most significantly, the filing of a motion for new trial seeking reconsideration of an interlocutory judgment cannot interrupt the thirty-day period for filing an application for supervisory writs established by Rule 4-3 of the Uniform Rules of Louisiana Courts of Appeal. We note that relator does not seek review of the trial court's denial of the motion for new trial. **Carter v. Rhea**, 2001-0234 (La. App. 4th Cir. 4/25/01), 785 So.2d 1022, 1025. Finally, the denial of a motion for summary judgment is an interlocutory judgment which does not prohibit the relator's subsequent filing or the trial court's subsequent consideration of a motion for summary judgment.

**JEW**
**MRT**

**McClendon, J.**, dissents. As to the portion of the trial court's December 30, 2021 judgment which denied Seneca Specialty Insurance Company's motion for summary judgment regarding Seneca Specialty Insurance Company's liability for mold-related damages, I would reverse the trial court's ruling and grant the writ. Having carefully examined the language of the contract, I find that the "Fungi or Bacteria" exclusion is clear and explicit and does not cover the mold-related damages claimed by Larry Muenzler and Deirdre Mather-Muenzler in this case. **Ainsworth v. Tri Star Builders, LLC,** 2012-0691 (La. App. 1st Cir. 4/22/13) 156 So.3d 71. Accordingly, I would grant summary judgment in favor of Seneca Specialty Insurance Company with respect to all mold-related damages claimed by Larry Muenzler and Deirdre Mather-Muenzler, including: personal injury resulting from the presence of mold; damages related to mold

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

identification, remediation, and/or monitoring; and any other damages which occurred as a result of the presence of mold.

As to the portion of the trial court's December 30, 2021 judgment which denied Seneca Specialty Insurance Company's motion for summary judgment regarding Seneca Specialty Insurance Company's liability for non-mold related damages, or damages which would have occurred even in the absence of mold, including: damages related to pain and suffering, inconvenience, loss of use, emotional distress, and water intrusion investigation and repair, I would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

_a.Sm_
DEPUTY CLERK OF COURT
FOR THE COURT